UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LASZLO BOCHKOR,

                Plaintiff,                              **ORDER**
                                                                         **14 CV 2592 (JBW)(LB)**

-against-

NYC HUMAN RESOURCES ADMINISTRATION,

                Defendant.
----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

The Court held an initial pretrial conference in this *pro se* employment discrimination case on July 9, 2014. In light of the direction to expedite discovery in this case, during that conference, I ordered plaintiff to appear for his deposition on July 21, 2014 and defendant noticed him accordingly. By letter dated July 21, 2014, defendant's counsel informs the Court that plaintiff failed to appear for his deposition on July 21, 2014. (ECF No. 20.) According to defendant's letter, counsel and the court reporter waited one and half hours and counsel left two voicemail messages for plaintiff, but plaintiff never appeared or contacted defendant's counsel. (Id.) This is unacceptable. Just as plaintiff has a right to bring this action, defendant has a right to defend against it.

Under Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure, the Court "may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Such sanctions may include dismissal of the action. Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."); see See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009) (affirming Rule 37 dismissal for plaintiff's failure to comply with court orders and failure to appear at scheduled depositions); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to appear at her deposition). The sanction of dismissal "may be imposed even against a plaintiff

who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Although plaintiff was ordered to appear for his deposition at a Court conference, and thus it is clear that plaintiff was aware of his obligation to appear, the Court shall give plaintiff a final opportunity to appear at his deposition. Plaintiff shall timely appear for his deposition at 100 Church Street, 4th Floor, New York, New York 10007 at 10:00 a.m. on July 24, 2014 and shall be prepared to answer defendant's counsel's questions under oath, to the best of his ability, for seven hours. This is a Court Order and plaintiff must comply. As I explained at the conference, a deposition is a question and answer session where a Court reporter will record and transcribe both the questions and answers. **Plaintiff is hereby warned that if he fails to timely appear for his deposition at 10:00 a.m. on July 24, 2014, this action shall be dismissed under Rule 37(b)(2)(A)(v) for his willful failure to comply with the Court's Order.**

SO ORDERED.

/s/ LOIS BLOOM
LOIS BLOOM
United States Magistrate Judge

Dated: July 22, 2014
Brooklyn, New York